IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARQUETA WELTON,           )
                           )
            Plaintiff,     )
                           )
      v.                   )            1:17-CV-258
                           )
DURHAM COUNTY,             )
                           )
            Defendant.     )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Marqueta Welton has sued her former employer, Durham County, alleging that after she complained of discrimination on the basis of race, gender, and age, the county retaliated by demoting her and reducing her pay in violation of Title VII.  Because the undisputed evidence shows that Durham County decided to demote Ms. Welton before she complained of discrimination, she cannot establish a *prima facie* case of retaliation. She proffers no other evidence to support her retaliation claim.  Durham County's motion for summary judgment will be granted.

## I.    Facts viewed in the light most favorable to the plaintiff[1]

Ms. Welton joined the Durham County government in 2005 as the Director of Human Resources.  Doc. 55-4 at 12; Doc. 63-1 at 2.  She was appointed a Deputy Manager in March 2011.  Doc. 55-4 at 20; Doc. 63-1 at 3.  In 2013, Ms. Welton was

---

[1] At summary judgment, the Court views the evidence in the light most favorable to the non-moving party.  *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

being considered for the County Manager job, along with Wendell Davis. Doc. 55-4 at 29. Ms. Welton withdrew from consideration and Mr. Davis became County Manager. *Id.* at 30. Ms. Welton continued in her role as Deputy Manager. *Id.* at 41.

As County Manager, Mr. Davis planned a reorganization of county administration under a "Managing for Results" business model. Doc. 55-1 at ¶ 9. He presented his plan to Ms. Welton on February 19, 2016. Doc. 55-4 at 38–39, 56. In a follow-up meeting on February 25, Mr. Davis told Ms. Welton that, under the reorganization, she was being reassigned to Economic Development Officer and her salary would be reduced by 50%. *Id.* at 42–43; Doc. 63-1 at 4. As part of the same reorganization, Mr. Davis selected five new General Managers, including three African-American women, one Caucasian woman, and one Caucasian man. Doc. 55-1 at ¶ 24. In her new position, Ms. Welton would report to one of the General Managers. *Id.* at ¶ 35.

On March 4, 2016, Ms. Welton asked Mr. Davis to reconsider her expected demotion and pay reduction, a request that he denied. Doc. 55-4 at 58. On March 10, she followed up with a letter asking Mr. Davis to "reconsider [his] decision to demote me and to reduce my pay." Doc. 63-4 at 4. Mr. Davis denied her request in a letter dated March 14, stating that her request was untimely because "there has been no official action taken at this point, as it pertains to your job title and pay status," and that the "reorganization will move forward as currently planned." Doc. 63-5 at 2–3.

On April 1, 2016, Ms. Welton filed a new grievance with the human resources department and the Durham County Board of County Commissioners. Doc. 63-8. For

the first time, she claimed that Mr. Davis had discriminated against her because of her race, age, and sex, and that he had created a "hostile work environment." *Id.* at 2.

Ms. Welton started her new position as Economic Development Officer on April 25 and her pay was reduced. Doc. 63-1 at 4; Doc. 55-1 at 40. In July 2016, she filed a charge of discrimination with the Equal Employment Opportunity Commission alleging race, sex, and age discrimination and retaliation. Doc. 55-5 at 2. She resigned her position in December 2016, citing intolerable working conditions stemming from her demotion, pay reduction, and other related changes in employment. Doc. 63-15 at 2.[2]

## II. Procedural history

After receiving a right-to-sue letter from the EEOC, Ms. Welton sued Durham County, the Durham County Board of County Commissioners, and two individual county employees. *See* Doc. 1 at ¶ 60. She asserted claims under § 1983, Title VII, and North Carolina law. Doc. 1.

In response to a motion to dismiss, the Court dismissed all of Ms. Welton's claims except her Title VII retaliation claim against Durham County for actions occurring after

---

[2] The Court has not considered the proffered affidavits of Steven L. Medlin and Vertina Michelle Parker-Evans, Doc. 63-14 and Doc. 63-9, respectively, since Ms. Welton did not previously disclose these witnesses to Durham County. *See* Doc. 67-2 at 2–6 (listing witnesses and not including Ms. Parker-Evans or Mr. Medlin); Fed. R. Civ. P. 37(c)(1) ("If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion . . . , unless the failure was substantially justified or is harmless."); *see also Kinser v. United Methodist Agency for the Retarded – W. N.C., Inc.*, 613 F. App'x 209, 210 (4th Cir. 2014) (per curiam) (Affirming district court's decision to strike an affidavit because party failed to timely disclose the identity of the witness). Even if the Court had considered these affidavits, the Court's decision regarding summary judgment would not change.

January 16, 2016.  Doc. 21 at 1, 7, 13.  For this claim, the Court found that Ms. Welton plausibly alleged four retaliatory actions following her March and April grievances and July EEOC charge:  Durham County (*i*) relocated her office, (*ii*) isolated her from the county administration, (*iii*) failed to give her a June 2016 performance review, and (*iv*) assigned her an engineering project outside of her expertise.  *Id.* at 13.  However, the Court specifically held that the February 2016 announcement of Ms. Welton's demotion did not qualify as a retaliatory action, since it "occurred before Ms. Welton submitted either the grievances or the EEOC complaint" and "her protected activities in March or April and July could not have caused adverse actions in February."  *Id.* at 12–13.  Ms. Welton did not move to amend her complaint either before or after the defendant filed the motion to dismiss or after the Court's ruling.

Durham County now moves for summary judgment.  Summary judgment is appropriate when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III.  Applicable legal standards

Title VII prohibits an employer from "retaliating against an employee for complaining about prior discrimination or retaliation."  *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015) (citing 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a)).  A plaintiff may prove retaliation "either through direct and indirect evidence of retaliatory animus, or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*," 411 U.S. 792 (1973).  *Id.*

To establish a *prima facie* case of retaliation, "a plaintiff must prove (1) that she engaged in a protected activity, as well as (2) that her employer took an adverse employment action against her, and (3) that there was a causal link between the two events." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (quotations omitted). As to the third element, "[a]n employee may establish *prima facie* causation simply by showing that (1) the employer either understood or should have understood the employee to be engaged in protected activity and (2) the employer took adverse action against the employee soon after becoming aware of such activity." *Strothers v. City of Laurel, Md.*, 895 F.3d 317, 335–36 (4th Cir. 2018).

## IV.  Analysis

As noted above, Ms. Welton's retaliation claim as pled had two components:  (1) the demotion and pay cut, and (2) other conduct associated with her change in job title, such as moving her to a distant office in a location incompatible with her work.  In ruling on the motion to dismiss, the Court held that Ms. Welton could not establish a *prima facie* showing of retaliation based on the demotion and pay cut because those actions were planned and announced before she engaged in any protected activities.  The Court allowed her retaliation claim to proceed based on the other alleged conduct by Durham County that occurred after Ms. Welton engaged in protected activity.

In support of its motion for summary judgment, Durham County contends that the remaining retaliation claim should be dismissed.  Doc. 56 at 13–24.  In setting forth the evidence in her opposition brief, Ms. Welton mentions that her office was moved from

the County Administration offices to an office "ill-suited" to her work, and that her new supervisor had given her an unreasonable project. Doc. 63 at 8. However, she neither addresses Durham County's arguments that her retaliation claim based on these and similar actions should be dismissed, nor does she rely on any conduct other than the demotion and pay cut to support her claim. *See, e.g.*, Doc. 63 at 8–25. Accordingly, Ms. Welton has abandoned her retaliation claim to the extent it is independently based on facts other than her demotion and pay reduction. *See Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003), *order clarified,* No. 01-CV-5750 (ILG), 2003 WL 21781941 (E.D.N.Y. July 29, 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way.").

Ms. Welton contends that summary judgment should be denied because she was demoted and received a pay cut in retaliation for protected activity. It is highly questionable that the retaliation claim based on the demotion and pay cut are still before the Court. In ruling on the motion to dismiss, the Court explicitly held that Ms. Welton could not establish a *prima facie* showing of retaliation based on the demotion and pay cut because the facts alleged in the complaint showed that those actions were planned and announced before she engaged in any protected activity. Doc. 21 at 12-13 (holding that "protected activities in March or April and July could not have caused adverse actions in February"). Ms. Welton never asked the Court to reconsider this holding and she never sought to amend the complaint to assert other facts supporting an inference of causation.

Even if the Court assumes this claim is properly before it, nothing has changed in plaintiff's favor at summary judgment. Consistent with Ms. Welton's allegations in the complaint, Durham County's proffered evidence shows that the decision to demote Ms. Welton was made well before she complained of discrimination. Ms. Welton has not presented any contradictory evidence, and she admits that the plan to demote her and reduce her salary was in place in February 2016, Doc. 63 at p. 4 ¶ 5, and that she "*first grieved Mr. Davis' plan on 4 March 2016 when she met with Mr. Davis . . . to ask him to reconsider his restructuring plan as it affected her.*" *See id.* at 15 (emphasis added). She proffers no evidence of any complaint of discrimination before April 1.[3]

In order to establish *prima facie* causation, there must be evidence that "the employer took adverse action against the employee soon *after* becoming aware of [the employee's protected] activity." *Strothers*, 895 F.3d at 335–36 (emphasis added). An employer cannot retaliate for protected activity when the employee has not yet engaged in protected activity. No rational jury could find that her complaint of discrimination after becoming aware of the planned demotion caused the demotion, and this claim fails as a matter of law. *See Morrall v. Gates*, 370 F. App'x 396, 398 n.2 (4th Cir. 2010).

In asking this Court to find otherwise, Ms. Welton relies on a March 2016 letter from Mr. Davis denying her first grievance letter by stating that "[t]here has been no official action taken at this point, as it pertains to your job title and pay status." Doc. 63-

---

[3] Durham County contends that Ms. Welton's April 1 letter was not a protected activity. The Court need not decide this issue. The Court need not decide this issue since Ms. Welton has otherwise not made a *prima facie* showing of causation.

5 at 2.  While Durham County may not have implemented its decision to demote Ms. Welton before her protected conduct, this March 2016 letter—written before her protected activity—confirms that her demotion and pay cut were part of a reorganization that would "move forward as currently planned."  Doc. 63-5 at 3; *accord* Doc. 63-6 at 2 (Ms. Welton's response letter).   Nor is there any other evidence to indicate that implementation of her demotion, as opposed to the decision to demote her, was retaliatory.  Accordingly, the Court will grant Durham County's motion for summary judgment and will dismiss the action.

## V.    Conclusion

A decision planned, made, and communicated before an employee's complaint of discrimination cannot constitute retaliation for the complaint of discrimination.  In order to support an inference of causation under the burden-shifting framework of *McDonnell Douglas*, the retaliation has to come after the protected activity.  The county decided to demote Ms. Welton well before she complained of discrimination, and indeed her first complaint of discrimination concerned the demotion itself.  As a matter of law, her evidence does not establish a prima face case of retaliation under Title VII.

It is **ORDERED** that the defendant's motion for summary judgment, Doc. 55, is **GRANTED.**

This the 27th day of September, 2018.

UNITED STATES DISTRICT JUDGE